IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DERRICK MADDOX and DONNA MADDOX, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) CIVIL ACTION NO. 3:10-cv-729-WHA-WC <br> )                         (WO) |
| AUBURN UNIVERSITY FEDERAL CREDIT UNION, FOUR SEASONS FEDERAL CREDIT UNION a/k/a ROYAL FEDERAL CREDIT UNION,  and EXPERIAN INFORMATION SOLUTIONS, INC.,[1] | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

### **I. INTRODUCTION**

This case is before the court on a Motion to Dismiss (Doc. #9) filed by Defendant Four Seasons Federal Credit Union ("Four Seasons") on September 10, 2010, a Motion to Dismiss and for Attorneys' Fees (Doc. #12) filed by Defendant Auburn University Federal Credit Union ("Auburn") on September 17, 2010, and a Motion to Dismiss (Doc. #24) filed by Defendant JPMorgan Chase Bank ("Chase") on September 28, 2010.[2]

---

[1] The court has changed the caption of this case to reflect that Defendant Equifax Information Services, LLC was dismissed with prejudice on September 22, 2010 (Doc. #15.), and that Defendant JPMorgan Chase Bank was dismissed with prejudice on November 22, 2010 (Doc. #39).

[2] Chase's motion is due to be dismissed as moot, because on November 22, 2010, pursuant to a Joint Stipulation of Dismissal filed on that date, the court dismissed Chase from this case with prejudice (Doc. #39).

The Plaintiffs, Derrick Maddox and Donna Maddox (the "Maddoxes"), filed a Complaint in this court on August 30, 2010 against Auburn, Four Seasons, Chase, and Experian Information Solutions, Inc. ("Experian," collectively, "Defendants").  In their Complaint, the Maddoxes assert: (1) violations of the Fair Credit Reporting Act against all Defendants (Count One); (2) violations of the Fair Debt Collection Practices Act against Auburn, Four Seasons, and Chase (Count Two); (3) violation of the discharge injunction by attempting to collect a discharged debt against Auburn, Four Seasons, and Chase (Count Three); (4) violation of the discharge injunction by continuing to report discharged debts on Plaintiffs' credit reports against Auburn, Four Seasons, and Chase (Count Four); (5) negligent, reckless, and wanton conduct against Auburn, Four Seasons, and Chase (Count Five); (6) invasion of privacy against all Defendants (Count Six); (7) defamation against all Defendants (Count Seven); (8) intentional misrepresentation against Auburn, Four Seasons, and Chase (Count Eight); and (9) intentional infliction of emotional distress against Auburn, Four Seasons, and Chase (Count Nine).  The Maddoxes subsequently conceded Counts One and Two as to Four Seasons (Doc. #20 at 5) and Auburn (Doc. #29 at 5).

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

For reasons to be discussed, the Motions to Dismiss are due to be GRANTED IN PART and DENIED IN PART, and Auburn's request for attorney's fees is due to be DENIED.

## II.  MOTION TO DISMISS STANDARD

The court accepts the plaintiffs' factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiffs' favor, *Duke v. Cleland*, 5

F.3d 1399, 1402 (11th Cir. 1993).  In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.  *See  Ashcroft v. Iqbal,* _ U.S. _,  129 S. Ct. 1937, 1949-50 (2009).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  The factual allegations "must be enough to raise a right to relief above the speculative level."  *Id*. at 555.

### III.  FACTS

The allegations of the Plaintiffs' Complaint are as follows:

In 2008, the Maddoxes filed for Chapter 7 debt relief.  On January 12, 2010, the United States Bankruptcy Court for the Middle District of Alabama (the "Bankruptcy Court") discharged the Maddoxes from debts owed to Auburn, Four Seasons, and Chase.  Auburn, Four Seasons, and Chase all received notice of this discharge, however, all three defendants have continued to attempt to collect these discharged debts.  Specifically, the Maddoxes contend that Auburn, Four Seasons, and Chase have been reporting the discharged debts to credit reporting

agencies, which harms the Maddoxes' credit, and thus is an attempt to induce the Maddoxes into paying these debts despite the fact that they were discharged.

## IV.  DISCUSSION

### A.   Counts One and Two

In their briefs, the Maddoxes moved to dismiss Count One - "Violations of the Fair Credit Reporting Act" - and Count Two - "Violations of the Fair Debt Collection Practices Act" - against Auburn and Four Seasons (collectively, the "Moving Defendants"), stating that they were mistakenly included as Defendants in those Counts.  Therefore, these claims are due to be dismissed.

This leaves for consideration the Motions to Dismiss as they apply to Counts Three and Four, both labeled as claims for "Willful Violation of the Discharge Injunction", in two different ways, and Counts Five - Nine, alleging state law claims.

### B.   Counts Three and Four

When a party's debts are discharged in bankruptcy, 11 U.S.C. § 524(a)(2) provides that the discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived."  The Maddoxes contend in these counts that the Moving Defendants have willfully violated the statutory injunction by their actions in attempting to collect, and continuing to report, those discharged debts.  They ask that these Defendants be held in contempt for such violations and be held liable for damages.

The Moving Defendants contend that these claims should be dismissed because there is no private cause of action for violation of § 524(a)(2), and the only proper way to attack alleged violations of the injunction created by statute upon the entry of an order of discharge is to seek to have the Defendants held in civil contempt by the bankruptcy court pursuant to 11 U.S.C. § 105(a).

While the Maddoxes state in brief that an independent right of action exists for violation of a § 524(a)(2) statutory injunction, what they actually argue is that this right of action exists because § 105 provides the method; *i.e.*, through contempt, and they have asked for relief through contempt in these two Counts.

The only dispute between the Maddoxes and the Moving Defendants as to Counts Three and Four is whether this court or the bankruptcy court should exercise jurisdiction over these contempt claims. The Maddoxes argue that, since the injunction is one created by statute upon the entry of an order of discharge, and not an injunction issued independently by the bankruptcy judge based on consideration of facts, there is no reason for the district court to defer to the bankruptcy court in exercising jurisdiction. The Moving Defendants argue that consideration of whether their actions actually constitute contempt of the statutory injunction and, if so, what a proper remedy should be, is best suited for the bankruptcy court, which is most familiar with the circumstances surrounding the discharge and is best suited to evaluate the impact of the alleged conduct upon the intended remedial scheme.

This court is not without authority to consider and dispose of an action for contempt of a statutory injunction arising out of a case in the bankruptcy court of this district. *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1555 (11 Cir. 1996) (recognizing district court's authority to dispose of

5

contempt action for violation of automatic stay of bankruptcy). The court, however, also recognizes its authority to refer a claim of contempt relating to enforcement of the § 524(a)(2) statutory injunction through § 105 to the bankruptcy court which entered the discharge order, *see Bessette v. Avco Fin. Services, Inc.,* 230 F.3d 439, 446 (1st Cir. 2000) (citing *Jove Eng'g* in holding district court is authorized to entertain contempt action, but may choose to refer back to bankruptcy court under 28 U.S.C. § 157 and local standing order); and this court's General Order of Reference - Bankruptcy Matters, dated April 25, 1985.[3] The court finds the latter action to be preferable.

Therefore, the court will refer the claims made in Counts Three and Four to the United States Bankruptcy Court for the Middle District of Alabama to handle as related to its discharge order in Case No. 08-80558.

### C. Counts Five, Six, Seven, Eight and Nine

These Counts, all asserting state law claims, are based on actions by the Moving Defendants which are alleged to be in violation of the § 524(a)(2) injunction resulting from the order of discharge by the bankruptcy court. The Moving Defendants argue that these claims are preempted by a plaintiff's right to attempt to have the defendant held in contempt, and also by provisions of § 1681 of the Fair Credit Reporting Act.

The Maddoxes have not addressed these Counts in their responses to the Motions to Dismiss, and the court, therefore, takes that failure to respond as a concession of this issue.

---

[3] The text of this General Order of Reference is available at
http://www.almd.uscourts.gov/rulesproc/docs/GenOrder_Ref_Bky_Matters.pdf

Accordingly, the claims asserted in Counts Five through Nine will be dismissed.

### D.     Attorney's Fees

Auburn moves this court to award it attorney's fees for "having to respond to Plaintiffs' frivolous and premature action" (Doc. #12 at 2.)  Auburn claims that, under 15 U.S.C. § 1692K(3), attorney's fees should be awarded "[o]n a finding by the court that an action under this section was brought in *bad faith and for the purpose of harassment*."  (emphasis added). The court finds no basis for holding that the Maddoxes acted in bad faith or for the purpose of harassment and, accordingly, Auburn's request for attorney's fees is due to be denied.

### V.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1.  The Moving Defendants' Motions to Dismiss are GRANTED as to Counts One, Two, Five, Six, Seven, Eight and Nine, and those Counts are DISMISSED with prejudice.

2.  The Motions to Dismiss Counts Three and Four are DENIED to the extent that these claims for contempt of court are referred to the Bankruptcy Court for the Middle District of Alabama, pursuant to 28 U.S.C. § 157(a) and this court's General Order of Reference - Bankruptcy Matters, entered on April 25, 1985, to be considered and determined in relation to its Case No. 08-80558.  The clerk is DIRECTED to forward a copy of this order to the Bankruptcy Court.

3.  Auburn's request for attorney's fees is DENIED.

4.  Chase's Motion to Dismiss is DENIED as moot.

5.  This case will proceed against the remaining Defendant, Experian Information Solutions, Inc.

DONE this 1st day of December, 2010.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE